UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 4759 |
| | ) | |
| PALISADES ACQUISITION XVI, LLC, | ) | |
| BLATT HASENMILLER LEIBSKER | ) | |
| & MOORE, LLC, and JOHN & | ) | |
| JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before this Court is Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt")'s motion to dismiss Plaintiff James Rice ("Rice")'s three-count Complaint. For the following reasons, the motion is denied.

## BACKGROUND

On or before September 2005, Rice allegedly incurred a $16,282.42 debt on his Chase Manhattan ("Chase") credit card. Chase was unsuccessful in collecting the debt and sold the account to New Century, who subsequently sold it to Centurion Capital Corporation ("Centurion"). Centurion hired Blatt to file a lawsuit against Rice in Cook County Circuit Court ("the state lawsuit") in an effort to collect payment on the alleged

debt. While the suit was pending, Centurion sold Rice's account to Defendant Palisades Acquisition XVI, LLC ("Palisades"), who also retained Blatt to collect Rice's alleged debt. Subsequently, the court granted Blatt's motion to remove Centurion as defendant and replace it with Palisades. At trial on the state lawsuit, Defendant Palisades dismissed its lawsuit against Rice without prejudice on August 23, 2007.

That same day, Rice filed suit against Palisades, Blatt, and up to ten John and Jane Does (collectively "Defendants") alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Illinois Uniform Deceptive Business Practices Act, 815 ILCS § 510 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505 *et seq.* by filing the state court lawsuit and amending it despite knowing that both Centurion and Palisades were not registered or incorporated in Illinois and were not licensed as collection agencies in Illinois. On November 11, 2007, Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) on the grounds that the complaint failed to state a claim upon which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the

plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we consider the instant motion.

### DISCUSSION

Before the court considers whether Rice has stated valid claims under the FDCPA, Illinois Uniform Deceptive Business Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act, we must first determine whether the FDCPA applies to Defendants. If Defendants are considered to be "debt collectors" as defined by the FDCPA, then the FDCPA applies to them.

The FDCPA defines a "debt collector" as: "any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" "does not include: (F) any

person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity…(iii) concerns a debt which was not in default at the time it was obtained by such person." *Schlosser v. Fairbanks Capital Corporation*, 323 F.3d 534, 536 (7th Cir. 2003). In this case, Palisades acquired Rice's debt after it had already gone into default with Chase. As such, Palisades is considered to be a "debt collector" under the FDCPA.

## I. FDCPA

A debt collector can be held civilly liable for using: "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). More pointedly, if a debt collector makes a "false representation of the character, amount, or legal status of any debt" it has done so in violation of the FDCPA. 15 U.S.C. § 1692(e)(2)(B). In the instant matter, Rice alleges that Palisades violated the FDCPA by falsely representing that it could file a collection suit against Rice in Illinois and that Blatt violated the FDCPA for filing Blatt's lawsuit against Rice on Palisades' behalf. According to Rice, Palisades did not have the power to file suit against Rice because Palisades was not registered with the Illinois Secretary of State and was not licensed as a "collection agency" in Illinois when the suit was filed. While the FDCPA does not require a debt collector to gain licensure as a "collection agency" with a state before it can file suit against a party, a state law "requiring simple licensing

of interstate debt-collection agencies as a remedial method of enforcing otherwise valid state regulatory measures" will be authorized under the FDCPA as long as the law is not inconsistent with the FDCPA. 17 Am. Jur. 2d, Consumer and Borrower Protection § 250.

### A. Illinois Collection Agency Act

The Illinois Collection Agency Act ("ICAA") defines a "collection agency" as "any person, association, partnership, corporation, or legal entity who, for compensation...offers services to collect an alleged delinquent debt." 225 ILCS 425/2.02. Palisades meets the definition of a "collection agency" because it is a legal entity that sought to collect Rice's alleged defaulted debt for compensation. Consequently, Palisades was required to be in compliance with Section 425/4 of the ICAA:

> No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others,...or solicit a client in this State, exercise the right to collect...without registering under this Act **except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois**. "emphasis added"

Palisades is a Delaware corporation and Rice is an Illinois resident. Palisades' attempts to collect Rice's alleged debt transpired by means of interstate communication: through the mail. As such, Palisades was exempt from registering as a "collection agency" under the ICAA if it was licensed as a "collection agency" in Delaware and the same privileges apply to collection agencies in Delaware. Rice's complaint does not state whether Palisades was licensed as a "collection agency" in Delaware when it filed suit against Rice. Without this information, it is still possible that Palisades may have been required under the ICAA to be licensed as a "collection agency" in Illinois prior to its attempts to collect the alleged debt from Rice. Such possibility requires us to deny Blatt's motion to dismiss as Rice's complaint does not fail to state a claim. More specifically, Rice may still be able to prove a set of facts in support of his claim that Palisades was required under the ICAA to obtain licensure as a "collection agency" in Illinois before filing suit against him. *Twombly*, — U.S. —, 127 S. Ct. at 1968. Consequently, Blatt's argument that this court should dismiss Rice's state law claims must also be denied because it is predicated on the court's finding in Blatt's favor regarding Rice's FDCPA claim.

**II.     15 U.S.C. § 1692i(b)**

Blatt also seeks to dismiss Rice's 15 U.S.C. § 1692i(b) claim. According to Blatt, Rice's inclusion of the § 1692i(b) claim in its complaint is misguided. We

disagree. Section 1692i(b) discusses the authorization of debt collection suits: "Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors." As Blatt points out, this vague clause does not stand for the proposition that debt collectors can never bring lawsuits. Rather, a careful reading of § 1692i makes it clear that § 1692i(b) only acts to limit the venues in which debt collectors can bring lawsuits to those mentioned in § 1692i(a). Rice's § 1692i(b) claim therefore does not fail to state a claim because drawing all reasonable inferences in favor of Rice, it may have been improper for Blatt to bring suit against Rice in Illinois. Therefore, Blatt's motion to dismiss regarding this issue must also be denied.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss Rice's complaint under Fed. R. Civ. P. 12(b)(6) is denied.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated:   December 18, 2007