UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 4759 |
| | ) | |
| PALISADES ACQUISITION XVI, LLC, | ) | |
| BLATT HASENMILLER LEIBSKER & | ) | |
| MOORE. LLC, and JOHN & | ) | |
| JANE DOES 1-10. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt")'s Rule 59(e) motion to reconsider our December 18, 2007, decision denying its motion to dismiss in favor of Plaintiff James Rice ("Rice"). For the following reasons, Blatt's motion is granted.

## BACKGROUND

On or before September 2005, Rice allegedly incurred a $16,282.42 debt on his Chase Manhattan credit card. After unsuccessfully attempting to collect Rice's alleged debt, Chase sold the account to New Century, who subsequently sold it to Defendant Centurion Capital Corporation ("Centurion"). Centurion hired Blatt to file

a lawsuit against Rice in the Circuit Court of Cook County to collect the alleged debt. While the suit was pending, Centurion sold Rice's account to Defendant Palisades Acquisition XVI, LLC ("Palisades"). Palisades also retained Blatt to collect Rice's alleged debt.

On August 23, 2007, Palisades dismissed its lawsuit against Rice without prejudice and Rice filed the instant suit. Rice contends that Palisades, Blatt, and up to ten John and Jane Does ("Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Illinois Uniform Deceptive Business Practices Act, 815 ILCS 510 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.,* by filing the state court lawsuit against him to collect on the alleged unpaid credit card account despite knowing that neither Palisades nor Centurion was registered, incorporated, or licensed as a collection agency in Illinois.

On November 11, 2007, Blatt filed a motion to dismiss Rice's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim. Blatt argued that it did not violate the FDCPA by filing suit on behalf of Centurion and Palisades against Rice because: 1) Centurion and Palisades were not required to incorporate or register in Illinois before bringing their respective collection actions against Rice in the Circuit Court of Cook County because bringing a civil action does not constitute

"transacting business;" 2) even if they were found to be "transacting business," in Illinois, Illinois law does not require foreign corporations, like Centurion and Palisades, to register with the state of Illinois before filing suit because both entities were conducting interstate commerce; 3) Centurion and Palisades were not required to register under the Illinois Collection Agency Act, 225 ILCS 425/4, ("ICAA") as collection agencies because they are not collection agencies; 4) even if Centurion and Palisades were collection agencies under the ICAA, the FDCPA cannot be used to enforce other rules of state or federal law; 5) Rice did not allege that Centurion and Palisades made false statements in their state collection actions against Rice; 6) even if Rice had alleged that Centurion and Palisades made false statements in their respective Illinois state actions, it is inappropriate to sue them under the FDCPA; and 7) the FDCPA does not prevent a debt collector from bringing a lawsuit to collect a debt. Blatt then suggested that because Rice's FDCPA claim against Blatt was meritless, we should not exercise supplemental jurisdiction over Rice's state law claims.

We denied Blatt's motion to dismiss on December 18. Our denial was in part due to a lack of information concerning whether Palisades was registered in Delaware as a collection agency when it filed suit against Rice. Without this information, we concluded that it was still possible that Palisades may have violated the FDCPA by

not obtaining licensure under the ICAA as a "collection agency" before it filed suit against Rice. We also denied Blatt's motion because we found that after drawing all reasonable inferences in Rice's favor, it may have been improper under the FDCPA for Blatt to bring Centurion and Palisades' collection suits against Rice. We also denied Blatt's motion concerning Rice's state law claims because Blatt's argument for their dismissal was predicated on an alternative finding concerning Rice's FDCPA claim.

On January 3, 2008, Blatt filed the instant motion for reconsideration pursuant to Fed. R. Civ. Pro 59(e). Blatt contends that there are two instances of error that should persuade us to alter or amend our previous judgment. First, Blatt argues that neither Centurion nor Palisades was required to be licensed under the ICAA when Rice filed the instant suit because both Centurion and Palisades were debt buyers and not collection agencies, and thus fell outside the provisions of the ICAA during the applicable time period. Second, Blatt argues that we did not fully address its argument that it did not violate the FDCPA by filing suit against Rice on Centurion and Palisades' behalf because both Centurion and Palisades were entitled to file suit against Rice in Illinois without being registered or licensed in Illinois as collection agencies.

**LEGAL STANDARD**

Rule 59(e) was designed to allow courts to correct manifest errors of fact or law clearly established by the moving party. *FDIC v. Meyer*, 781 F.2d 1260, 1286 (7th Cir. 1986). A court should grant a Rule 59(e) motion if it determines that it previously misapplied the facts or law. *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). However, litigants may not use a Rule 59(e) motion as a vehicle "to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999).

With these principles in mind, we will consider the instant motion.

**DISCUSSION**

As a preliminary matter, it is appropriate to first address Rice's contention that Blatt's Rule 59(e) motion should be denied as untimely. It is true that Rule 59(e) states "that a motion to alter or amend a judgment must be filed no later than 10 days after entry of judgment." However, Fed. R. Civ. P. 6(a) states that Saturdays, Sundays, holidays, and the actual day of entry "should not be included in the 10 day total when a limitations period is less than 11 days." *Bell v. Marseilles Elementary School*, 160 F. Supp. 2d 883, 885 (N.D. Ill. 2001). Rule 6(a) applies in the instant

situation because Rule 59(e) contains a limitations period that is less than 11 days. *Id.*

We ruled on Blatt's motion to dismiss on December 18, 2007. Excluding December 18, Christmas day, New Year's day, and the intermediate Saturdays and Sundays, it is clear that Blatt had up until January 3, the day it filed its motion, to file its Rule 59(e) motion. As such, Blatt's Rule 59(e) motion was timely filed.

As previously mentioned in our December 18 opinion, in order for the FDCPA to be applicable, a plaintiff must allege that the defendant engaged in a prohibited practice in order to collect a debt. *Mabe v. G.C. Services Ltd. Partnership*, 32 F.3d 86, 88 (4th Cir. 1994). Rice alleges that Centurion and Palisades engaged in the "prohibited practice" of filing suit against him in Illinois. According to Rice, Centurion and Palisades were prohibited from filing suit against him because they were both operating collection agencies in Illinois without being:

1) registered under the Illinois Department of Financial and Professional Regulation as required under the Illinois Collection Agency Act, 225 ILCS 425/4;

2) incorporated in the state of Illinois as required under the Illinois Business Act of 1983; or

3) licensed or registered with the Illinois Secretary of State as collection agencies in the state of Illinois.

Rice contends that Blatt also violated the FDCPA by filing suit on behalf of both Palisades and Centurion against him despite knowing that they were prohibited from doing so for the above mentioned reasons.

As Blatt's Rule 59(e) motion states, we based our December 18 decision on an incorrect interpretation of the ICAA and did not fully discuss its argument that neither Centurion nor Palisades was required to be registered to do business in Illinois in order to maintain a lawsuit against Rice here. Accordingly, we will now discuss Blatt's two arguments.

### 1. Illinois Collection Agency Act

Part of Rice's FDCPA claim against Blatt stems from his allegation that both Centurion and Palisades meet the definition of a "collection agency" under the ICAA. The ICAA defines a "collection agency" as "any person, associate, partnership, corporation, or legal entity who, for compensation offers services to collect an alleged delinquent debt." 425 ILCS 425/1. In our December 18 opinion we held that "Palisades meets the definition of a 'collection agency' because it is a legal entity that sought to collect Rice's alleged defaulted debt for compensation." *Rice v. Palisades Acquisition XVI, LLC*, 2007 WL 4522617 *2 (N.D. Ill December 18, 2007). This holding was incorrect.

As Blatt points out, Palisades was not attempting to collect Rice's alleged debt for compensation or for anyone else's benefit; it was attempting to collect the alleged debt for itself. Consequently, Palisades was not required to be registered under the Illinois Department of Financial and Professional Regulation as required by the ICAA because the ICAA did not apply to Palisades at the time Rice filed the instant action. Accordingly, Rice's FDCPA claim which originated from Centurion and Palisades' alleged violation of the ICAA shall be dismissed.

> 2.  Blatt did not Violate the Fair Debt Collection Practices Act by Filing Suit Against Rice on Centurion and Palisades' Behalf

The FDCPA prohibits a debt collector from making any false, deceptive or misleading representations concerning its collection of an alleged debt. 15 U.S.C. § 1692e. Rice has alleged that Blatt violated the FDCPA by filing a lawsuit against Rice on behalf of Centurion and Palisades because by doing so he falsely represented the legal status of Rice's alleged debt and threatened to take action that could not legally be taken. According to Rice, Centurion and Palisades could not lawfully sue Rice to collect his alleged debt because, at the time, both Centurion and Palisades were "transacting business" as collection agencies in Illinois without the state of Illinois' authority to do so.

The Business Corporation Act and the LLC Act respectively prohibit foreign corporations and foreign limited liability companies from filing civil actions in Illinois if they are "transacting business" in Illinois without authority to do so. 805 ILCS 5/13.75(1); 805 ILCS 180/45-47(a)(1). In the instant case, Rice alleges that his involvement with Centurion and Palisades concerned but one lawsuit.

The Business Corporation Act and the LLC Act both list maintaining a lawsuit as an activity that does not constitute "transacting business." *St. Louis Hills Urological Assoc. v. Nicoletti*, 506 N.E.2d 602, 603 (Ill. App. Ct. 1987). Furthermore, "in determining what constitutes 'transacting business' Illinois Courts have traditionally excluded occasional and isolated transactions." *See Vinylweld, Inc. v. Metropolitan Greetings, Inc.*, 360 F.Supp. 1360, 1362 (Ill. App. Ct. 1973); *Emcee Corp. v. George*, 12 N.E. 2d 333, 335 (Ill. App. Ct. 1937); *Alpena Portland Cement Co. v. Jenkins & Reynolds Co.*, 91 N.E. 480 (Ill. App. Ct. 1910). Filing suit against Rice demonstrates that Centurion and Palisades engaged in an isolated transaction with him, but does not demonstrate that either entity was "transacting business" in Illinois.

Furthermore, our discussion of Rice's ICAA claim lends further credence to our finding that Rice's allegations fail to show that Centurion and Palisades were "transacting business" as *collection agencies* in Illinois. As such, neither Centurion nor Palisades was prohibited from filing suit against Rice regarding his alleged debt.

Accordingly, we find that Rice's complaint fails to allege sufficient facts to support his FDCPA claim against Blatt because Blatt did not falsely represent the legal status of Rice's alleged debt or threaten to take action against Rice on behalf of Centurion or Palisades that could not legally be taken.

## CONCLUSION

For the foregoing reasons, Blatt's motion to reconsider is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  February 25, 2008